# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DOUG R. SCHROEDER JR., | CIVIL CASE NO. 24-00010 |
| Plaintiff, | |
| vs. | **ORDER** |
| THE UNITED STATES GOVERNMENT ITS AGENCIES, OFFICERS, AND EMPLOYEES, | |
| Defendants. | |

This matter is before the court on Plaintiff Doug R. Schroeder Jr.'s Complaint (ECF No. 1) and Amended Violation of Civil Rights Complaint (ECF No. 4) (together referred to herein as the "Complaint");[1] and the Application to Proceed in District Court Without Prepaying Fees or Costs (the "Application to Waive Fees") (ECF No. 2). The court has reviewed the pleadings, the relevant law, and finds this matter suitable for submission without oral argument.

For the reasons stated herein, the court hereby **DISMISSES** the Plaintiff's Complaint without prejudice and grants leave to amend.

---

[1] A comparison of the Original Complaint and the Amended Complaint reveals no substantive difference between the two. *See* Compls., ECF Nos. 1 and 4.

I. **Application to Waive Fees**

The Plaintiff is proceeding in this action *pro se*, without an attorney, and has requested to proceed without prepaying fees or costs.[2] Section 1915(a)(1) permits a court to authorize a person to commence a civil action without prepaying the required filing fee if said person "submits an affidavit [stating] . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under this statute, federal courts can authorize the filing of a lawsuit without prepayment of fees or security by a person who submits an affidavit that includes a statement setting forth all the person's assets and demonstrates an inability to pay such costs or give such security.

The court has reviewed the Plaintiff's Application to Waive Fees and finds that he does not clearly demonstrate whether he is currently receiving income or if the amounts he lists under the "Other Income" section were one-time payments. Appl. at 1, ECF No. 2. On the one hand, the Plaintiff notes that he has not been gainfully employed since July 2023, his gross wages are zero, and his take home pay is zero. *Id.* On other hand, the Plaintiff lists the following income that he has received in the last 12 months, without identifying dates, in the "Other Income" section: $5,000.00 in gross pay for "On Call Staffing Phx Az."; $2,500.00 from "360 Industrial Phx Az."; $90.00 from "Details Unlimited Tamuning Guam"; $231.00 for "Guam dept of Labor"; $0.86 from a Bank of Guam account; $144.00 from "Department of Public Heath Social Services cash assistance/no longer receiving"; and $430.00 in food stamps monthly for eight

---

[2] Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $405 filing fee is required from the party instituting any civil action in federal court.

1  months.³ *Id.* The court notes that the Plaintiff also noted on the form "no further income except food stamps." *Id.*

The court will construe the Plaintiff's Application to Waive Fees as having demonstrated that he is not currently receiving income because he notes having received financial assistance and monthly food stamps. *Id.* Therefore, the court finds that based on the Application to Waive Fees, the Plaintiff does not have an income to pay the filing fee. However, this does not end the court's inquiry. The court must still subject the Plaintiff's Complaint to mandatory screening before allowing the case to move forward and issue summons, requiring an answer or responsive pleading. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*).

**II. Screening Complaint**

Pursuant to 28 U.S.C. § 1915(e), the court is required to review the complaint and dismiss the case if the court determines that the action is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Lopez*, 203 F.3d at 1126-27 (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim). "A complaint is frivolous within the meaning of § 1915(d) if it lacks an arguable basis either in law or in fact." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)).

When screening a complaint, the court is mindful that allegations of a *pro se* complaint are held to less stringent standards than the pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se*

---

³ The Plaintiff writes the amount of $3,448.00 next to the note where he states that he received food stamps in the amount of $430.00 monthly for eight months. *Id.* The court will construe the notation of $3,448.00 to signify the total amount in food stamps he received over eight months. Additionally, the court's calculation demonstrates that food stamps in the amount of $430.00 monthly for eight months is equal to $3,440.00 and not $3,448.00.

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Ashcroft v. Iqbal*, 556 U.S. 662 (2007)). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

A complaint must meet the requirements of Federal Rule of Civil Procedure 8, which mandates that a complaint include the following:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

The facts in the Complaint are hard to discern, but the Plaintiff appears to be alleging that the United States Government has been violating his Fifth Amendment rights since 2020, starting when he was incarcerated by the Arizona Department of Corrections, and continuing until April 2024. Compl. at 3-20, ECF No. 4. The Plaintiff alleges the following eight claims:

- Claim 1: "Violating the 5th Amendment by depriving me of Life Liberty or Property Without Due Process of Law. By interfering with my ability to use any and all law enforcement agencies to investigate on My behalf. As well as contacting an attorney to assist me. In the US and Guam." *Id.* at 21.

- Claim 2: "Violating the 5th Amendment by depriving me of the

ability to be self supporting. Going To every job I had and verbally and sexually harassing me also spraying me with pepper spray to The point I could no longer work and keep a job. In the US and Guam." *Id.*

- Claim 3: "Violating the 5th Amendment by going to every place I tried to live and spraying my Dwelling with pepper spray pesticides $CO_2$ gas and other unknown chemical agents. In the US and Guam." *Id.*

- Claim 4: "Violating the 5th Amendment by interfering with my medical care at my primary Physcian [*sic*] Jatin Dass and hospitals by instructing them not to treat or test me for toxic gas poisning [*sic*] Or physical assaults in the US and Guam. Done by the United States gov." *Id.*

- Claim 5: "Violating the 5th Amendment by Using the government imitation sun over Guam to Spot light [*sic*] me stay right over top of me any where I go many hours a day over heat me to the point Of heat exhaustion and sun burn on several occasions and control my movements essentially Being used as a weapon and to track me." *Id.*

- Claim 6: "Violating the 5th Amendment by Psychological manipulation and what I call Torture. Using themselves and over 100 people on Guam to harass me with what I think is an extension of Gas Lighting but on an advanced government level." *Id.*

- Claim 7: "Violating the 5th amendment by drugging me in some unknown way with many different Substances in order to facilitate and enhance the effects of the psychological manipulation. And I believe experiment on me. In the US but more extensively on Guam." *Id.*

- Claim 8: "Physical assaults by means of unknown chemical agents or unknown drugs, Psychological Manipulation and harassment are all crimes even by a government agency or the people it uses. Causing me bodily harm and scars. Along with unknown psychological damage." *Id.*

In support of the above-mentioned claims, the Plaintiff recounts at length instances in which the United States Government allegedly violated his Fifth Amendment rights during the time period alleged. *Id.* at 3-20. The events in the Complaint take place mainly in Arizona and in Guam. *Id.* In summary, the Plaintiff alleges that the United States Government has continuously

pepper sprayed him; put unknown substances in his food and exposed him to these unknown substances in some unknown way; used an "imitation sun" on him in Guam and placed it above the Plaintiff's person; that "strange events of a psychological [n]ature have taken place around [him] to attempt to confuse [him]" which he alleges is an advanced form of gaslighting; that people were sent to make one syllable noises for the purpose of annoying him; and that music with annoying beats were played around him while he slept in order to harass him. *Id.* These are just some of the Plaintiff's allegations.

The Complaint contains no cognizable claim. Even with respect to Claim 1, which seems, in part, to allege that he was deprived of his right to an attorney, the Plaintiff fails to allege any facts to support the claim that would enable the court to deem it cognizable. Compl. at 21, ECF No. 4. The allegations in the Complaint are "fantastic" and "delusional," *see Neitzke v. Williams*, 490 U.S. 319, 328 (1989), and "rise to the level of the irrational or the wholly incredible," *Denton*, 504 U.S. at 33. The court finds that the Complaint is therefore frivolous and fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The Complaint also fails to demonstrate that this court has jurisdiction to hear any of the alleged claims. *See* 28 U.S.C. §§ 1331 and 1332.

As such, the court **DISMISSES** the Plaintiff's Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### III. Leave to Amend

The court finds that dismissal with leave to amend is warranted. It is not clear, based on the facts alleged, whether Plaintiff's claims would be futile. *Lopez v. Smith*, 203 F.3d at 1128 and *see also Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile [.]"). The

court construes *pro se* pleadings liberally and gives the Plaintiff any benefit of the doubt. *Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014).

If the Plaintiff chooses to file a Second Amended Complaint, the Plaintiff must demonstrate to the court:

1. who the defendant or defendants are with specificity and which defendants relate to which claims;
2. the basis for the court's jurisdiction:
    - if diversity jurisdiction, the Plaintiff must demonstrate the amount in controversy is more than $75,000 and the matter is between citizens of different states or subjects of a foreign state; or,
    - if federal question jurisdiction, the Plaintiff must demonstrate a specific constitutional or statutory right the Plaintiff believes was violated. 28 U.S.C. §§ 1331 and 1332; and
3. a cognizable claim that comports with Federal Rule of Civil Procedure 8(a). To comport with Rule 8(a), the complaint must include a short and plain statement that demonstrates, in addition to the basis for the court's jurisdiction as discussed above, that the pleader is entitled to relief and under what law or laws the Plaintiff seeks relief under, and a demand for the relief sought, which may include relief in the alternative or different types of relief. FED. R. CIV. P. 8(a).

The Second Amended Complaint must be rewritten entirely and may not incorporate any part of the dismissed Complaint by reference. Any cause of action not raised in the Second Amended Complaint will be deemed waived.

**IV. Conclusion**

For the foregoing reasons, the court **DISMISSES** the Plaintiff's Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Plaintiff has 30 days from the filing of this order to file a Second Amended Complaint in compliance with the Federal Rules of Civil Procedure. Failure to file the Second Amended Complaint by the deadline may result in the automatic dismissal of the above-captioned matter without further notice from the court.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
  **Chief Judge**
**Dated: Aug 08, 2024**